UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 26-381(DSD/ECW)

Jorge A.,

       Petitioner,

v.

Pamela Bondi, Attorney General;
Kristi Noem, U.S. Department of
Homeland Security; Department
of Homeland Security; Todd M.
Lyons, Acting Director of
Immigration and Customs
Enforcement; Immigration and
Customs Enforcement; Daren K.
Margolin, Director for
Executive Office for
Immigration Review; Executive
Office for Immigration Review;
and David Easterwood, Acting
Director, St. Paul Field
Office, Immigration and Customs
Enforcement,

       Respondents.

**ORDER**

This matter is before the court upon the petition for writ of habeas corpus. Based on a review of the file, record, and proceedings herein, the court grants the petition.

Petitioner Jorge a native and citizen of Ecuador. Pet. ¶ 21. Jorge entered the United States on approximately September 11, 2023. Id. ¶ 38. Respondents thereafter encountered Jorge, commenced removal proceedings, and released him under his own recognizance. Id. ¶¶ 39, 40. On January 16, 2026, respondents

detained Jorge. Id. ¶ 42. He remains in respondents' custody in Minnesota, although his exact location is unknown. Id. ¶ 45.

Through his petition, brought under 28 U.S.C. § 2241, Jorge challenges his detention and requests immediate release or an expedited bond hearing, as well as declarative relief. The narrow issue presented is whether Jorge is subject to 8 U.S.C. § 1225(b)(2), which mandates detention, or 8 U.S.C. § 1226, which is discretionary with respect to detention pending a bond hearing. Pet. ¶¶ 46-66. Jorge argues that respondents have erroneously classified him as falling under § 1225(b)(2), which violates his Fifth Amendment right to due process, the Immigration and Nationality Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and related regulations, and the Administrative Procedures Act, 5 U.S.C. § 706(2)(A). Id. ¶¶ 76-106.

The issue presented has been ruled on by many judges in this district and beyond. The great weight of authority persuasively holds that Jorge and others in his circumstances have been improperly detained under § 1225(b)(2) and should be allowed the processes available under § 1226. See Elias C. v. Bondi, No. 26-cv-307, 2026 WL 145962 (D. Minn. Jan. 20, 2026) (collecting cases). Indeed, courts have overwhelmingly ruled that § 1225(b)(2) applies to applicants "seeking admission," and that § 1226 applies to "aliens already in the country." See id. The court agrees with such authority and will follow suit without additional discussion.

Here, because Jorge is already in the country and he is subject to pending removal proceedings, his detention falls under § 1226. Jorge is therefore subject to discretionary detention and entitled to a bond hearing.

Accordingly, **IT IS HEREBY ORDERED that t**he petition for writ of habeas corpus [ECF No. 1] is granted as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, under the discretionary provisions of 8 U.S.C. § 1226;

2. Respondents shall provide petitioner a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A) within seven days of the date of this order; and

3. Respondents are enjoined from removing, transferring, or otherwise facilitating the removal of petitioner from the District of Minnesota before the bond hearing.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 26, 2026         /s David S. Doty
                                 David S. Doty, Judge
                                 United Stated District Court